IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KH, RV, and GORDON ACKLEY,<br><br>        Plaintiffs/Qui Tam Relators,<br>    v.<br><br>VIRGIN ISLANDS WATER & POWER AUTHORITY, TANTALUS SYSTEMS CORP., ITRON, INC., ANDREW SMITH, and JOHN DOES 1-10,<br><br>        Defendants. | Civil No.   2021-81 |

## ORDER

Tantalus Systems Inc. a/k/a Tantalus Systems Corp. and Itron Inc. ("Tantalus" and "Itron") jointly move to stay discovery pending a ruling on their motions to dismiss. [ECF 102]. Plaintiffs filed an opposition four days after the filing deadline without seeking leave to do so. [ECF 108]. Tantalus and Itron replied. [ECF 115]. The matter is ripe for decision.

### I.     BACKGROUND

This is a *qui tam* action alleging various issues arising from the Virgin Islands Water & Power Authority's ("WAPA") institution of a "smart grid" metering system provided by Tantalus and Itron. The plaintiffs/relators bring claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), 42 U.S.C. § 1983, and the common law. Plaintiffs allege they were excessively overbilled for electricity, and that customers have had their power terminated without due process. They further allege that false information from Tantalus and Itron was used by WAPA to obtain a loan from the USDA for the metering system. Additionally, they allege the system is subject to catastrophic failure and presents a risk to security. *See generally* [ECF 35]. On February 24, 2023, the United States notified the Court of its decision not to intervene in the matter. [ECF 17].

*KH, et al. v. Virgin Islands Water & Power Authority, et al.*
Civil No. 2021-81
Page 2

Plaintiffs thereafter served defendants with the First Amended Complaint.[1]

On October 13, 2023, WAPA moved to sever and dismiss based on a theory of improper joinder of claims and parties, and for failure to state a claim. [ECFs 87, 88]. On October 16, 2023, Itron and Tantalus each filed motions to dismiss based on the public disclosure bar of the FCA, that neither is a "state actor" for purposes of § 1983, and that the complaint is not viable under Rules 9(b) and 12(b)(6). [ECFs 89, 90, 91, 92]. The defendants now seek to stay discovery pending a decision on their motions to dismiss, which are fully briefed and pending before the District Court.

## II.     LEGAL STANDARDS

The Court of Appeals for the Third Circuit has acknowledged that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Federal Rule of Civil Procedure 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay, however, is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013)

---

[1] Plaintiffs filed the original complaint on December 3, 2021 [ECF 1] under seal. After the United States notified the Court that it did not intend to intervene, on June 16, 2023, plaintiffs filed a First Amended Complaint [ECF 22], and on July 13, 2023, they sought leave to correct the name of one of the defendants [ECF 32]. The Court granted that motion [ECF 33] and on July 25, 2023, plaintiffs filed the operative First Amended Complaint. [ECF 35]. This document should more appropriately be titled the "Second Amended Complaint."

(citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (citation omitted). However, in *Mann v. Brenner*, the Third Circuit recognized that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." 375 F. App'x 232, 239 (3d Cir. 2010); *see also Actelion Pharm., Ltd.*, 2013 WL 5524078, at *5 (the filing of a dispositive motion may support a stay of discovery where the "resolution of the dispositive motion may narrow or outright eliminate the need for discovery" (internal quotation marks and citation omitted)).

In considering a motion to stay, courts evaluate the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Vitalis v. Crowley Caribbean Servs.*, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021); *Actelion Pharm., Ltd.*, 2013 WL 5524078, at *3. Thus, the Court will evaluate these factors in determining the propriety of issuing a stay of discovery.

### III. DISCUSSION

A. <u>Whether A Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party[2]</u>

With respect to the first factor, defendants claim that plaintiffs' general concerns about delay would not amount to undue prejudice, and that discovery will not assist them in defeating the motions to dismiss. [ECF 103] at 20. Plaintiffs claim they are prejudiced by domestic and national security risks, arbitrary power terminations, threats of shut offs and retaliation, excessive power bills, and because witnesses and evidence could be lost.[3] [ECF 108] at 5–8. Defendants counter that plaintiffs' real claim of prejudice is an inability to do discovery to cure pleading defects,[4] and that plaintiffs' other arguments are based on speculation. [ECF 115] at 6–9. On balance, the Court finds that plaintiffs' claims of prejudice do not tip the balance in favor of proceeding with discovery. *See, e.g.*, *Williams v. Oriental Bank*, 2022 WL 392544, at *2 (D.V.I. Feb. 9, 2022) ("references to unspecified memories and documents deteriorating are a common result from any delay in discovery and do not establish a tactical disadvantage with any clarity").

---

[2] Defendants argue that the most important consideration is that they have made a clear and convincing showing that the motions to dismiss will be granted; particularly with respect to the public disclosure bar and the Rule 9(b) pleading issues. [ECF 103] 12–17; [ECF 115] at 4–6. While plaintiffs do not directly address this argument, this Court has not adopted the "preliminary peek" approach defendants urge and it will not use the instant motion as an opportunity to make a preliminary finding on the motions' merits.

[3] Plaintiffs even characterize these supposed harms as "irreparable," but the Court notes that plaintiffs have not sought preliminary injunctive relief and themselves state that as to Tantalus and Itron, the case does not involve an injunction. [ECF 108] at 6, 11.

[4] Plaintiffs concede that they want discovery in order to amend their complaint. [ECF 108] at 2, 10.

B. <u>Whether Denial of the Stay Would Create a Clear Case of Hardship or Inequity for the Moving Party</u>

As for the second factor, Tantalus and Itron point out that the facts alleged span over 10 years. [ECF 103] at 18.[5] They state that the broad requests plaintiffs have served on WAPA seek defendants' confidential and proprietary information, and that the allegations would necessitate substantial discovery into the USDA's loan programs, thus creating an additional burden on the USDA, a third-party. *Id.* at 18–19. They conclude that discovery promises to be "extremely expensive." *Id.* at 20. Plaintiffs respond that the defendants' arguments lack specifics and do not make out a clear case of hardship. [ECF 108] at 8–10. They urge that the Court should allow discovery focused on facts needed "to show a plausible claim."[6] *Id.* Plaintiffs further state that the documents they seek are in defendants' exclusive possession and posit that this discovery "should be electronically available and downloaded to a hard drive with ease." *Id.* at 10.

The Court cannot conclude that producing discovery in this case would be as easy as plaintiffs claim. They provide no basis for their conclusion and the Court will not assume they are correct. Further, while defendants do not offer dollar figures to quantify the burden discovery may place on them, their description of the time frames involved, and the scope of potential

---

[5] Defendants indicate that the requests served on WAPA call for information dating back to 2012 and that significant resources would need to be expended simply to identify documents prior to reviewing them for production. [ECF 115] at 9.

[6] In making this argument, plaintiffs are in essence conceding the pleading deficiencies about which defendants complain in their motions to dismiss. In a FCA case such as the present one, courts in applying the heightened pleading standard of Rule 9(b) do so with the "idea [] that a plaintiff should not be able to use an inadequate complaint to get a foot in the door and discover unknown wrongs." *U.S. ex rel. Williams v. Med. Support L.A., Inc.*, 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021); *see also U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 803 (11th Cir. 2014) ("a relator cannot segue into discovery simply by filing prolix but unsubstantiated claims.").

discovery, leads the Court to find that the burden on defendants of proceeding with discovery at this time greatly outweighs any burdens on plaintiffs.

    C.  <u>Whether A Stay Would Simplify the Issues and the Trial</u>

Neither party addresses this factor. Other than to recognize the obvious that if a motion to dismiss is granted in whole or in part, the issues will necessarily be narrowed in some respect, the Court makes no finding as to this factor here.

    D.  <u>Whether Discovery is Complete or a Trial Date Set</u>

Here, discovery has not yet begun, and no trial date has been set. A stay at this point will not disrupt an existing schedule, or unduly burden the Court's ability to administer its case load. This factor thus weighs in favor of a stay.

## IV.   CONCLUSION

In sum, the Court finds that there is not a fair possibility that a stay would unduly prejudice plaintiffs in prosecuting their case, and that defendants have sufficiently shown that the burden on them in being required to go forward with discovery while decisions on the motions to dismiss are outstanding outweighs any burdens on plaintiffs.

Accordingly, the premises considered, it is ORDERED that the motion to stay [ECF 102] is GRANTED.

**Dated:** January 31, 2024                  S\_____
                                                                            **RUTH MILLER**
                                                                             United States Magistrate Judge