IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| KH, RV and GORDON ACKLEY, ) | |
| ) | Civil No. 2021-81 |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| VIRGIN ISLANDS WATER & POWER ) | |
| AUTHORITY, TANTALUS SYSTEMS ) | |
| CORP., ITRON, INC., ANDREW ) | |
| SMITH and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiffs' motion to reconsider the Court's January 31, 2024 Order [ECF 135]¹ staying discovery with respect to defendants Itron and Tantalus. [ECF 136]. Itron and Tantalus oppose the motion [ECF 142] and plaintiffs filed a reply [ECF 143]. For the reasons that follow, the Court denies reconsideration.

Plaintiffs contend that the day the Court entered its Order to stay, "FBI Director Christopher Wray testified in a Congressional Hearing and reported that China's hackers are targeting American critical infrastructure," including electrical power systems. [ECF 136] at 3. Plaintiffs state that Wray's "testimony reflects imminent and catastrophic risk of cyber-attack," and thus constitutes new evidence bearing on one of plaintiffs' claims. *Id.* at 4. Plaintiffs add that "reconsideration would prevent manifest injustice borne by Plaintiffs and the Virgin Islands' community." *Id.* at 5.

---

¹ Plaintiffs refer to an action of the "Magistrate Court." [ECF 136] at 3. There is no such "court" in the Federal system.

KH, et al. v. VI Water & Power, et al.
Civil No. 2021-81
Page 2

      Defendants argue the motion should be denied first because plaintiffs failed to obtain their position on the motion prior to filing, in violation of Local Rule 7.1(f).  [ECF 142] at 1–2.  They argue further that the motion on the merits does not meet the requirements for reconsideration because the "new" evidence does not add anything to the plaintiffs' contentions that the Court has not already considered and rejected.  *Id*. at 2–3.[2]

      Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3]  LRCi 7.3(a); *accord Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  "Such motions are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'"  *Cabrita Point Dev., Inc. v. Evans*, 2009 U.S. Dist. LEXIS 93474, at *6 (D.V.I. Sept. 30, 2009) (quoting *Bostic v. AT&T*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).  Reconsideration "is an extraordinary remedy and should be granted sparingly."  *Bank of Nova Scotia*, 2014 U.S. Dist. LEXIS 135848, at *27 (citation omitted).  In addition, Local Rule 7.3(b) requires the movant to state without argument the section of the rule upon which the request to reconsider is based, and subpart (c) requires counsel to certify that the motion is "based on a

---

[2] In their reply, plaintiffs repeat the arguments raised in their motion.  *See* [ECF 142].

[3] Manifest injustice means "the Court overlooked some dispositive factual or legal matter that was presented to it that might reasonably have resulted in a different conclusion."  *Bank of Nova Scotia v. Ross*, 2014 U.S. Dist. LEXIS 135848, at *28 (D.V.I. Sept. 26, 2014) (quotation marks and citations omitted); *see George v. George*, 2015 U.S. Dist. LEXIS 27003, at *4 (D.V.I. Mar. 5, 2015) (noting "[m]anifest injustice has also been defined as 'an error in the trial court that is direct, obvious, and observable'" (citation omitted)).

*KH, et al. v. VI Water & Power, et al.*
Civil No. 2021-81
Page 3

reasoned and studied professional judgment" that the expressed grounds for reconsideration are present.   LRCi 7.3(b), (c).

The Court has considered plaintiffs' motion and finds first that it does comply with Local Rule 7.3(b), and that counsel has failed to include the certification required by 7.3(c).  Further, the Court finds that the motion does not set forth sufficiently any of the three bases for reconsideration.   To the extent the motion is based on new evidence, plaintiffs fail to demonstrate how Director Wray's generalized remarks have any bearing on the issue of whether a stay of discovery pending resolution of certain motions is appropriate in this case.   Similarly, plaintiffs have not demonstrated manifest injustice resulting from the discovery stay.

Accordingly, the premises considered, it is ORDERED the motion to reconsider is DENIED.

**Dated:** February 15, 2024           S_____
                                                     **RUTH MILLER**
                                                     United States Magistrate Judge