IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KH, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-81 |
| | : | |
| VIRGIN ISLANDS WATER AND POWER AUHTORITY, et al. | : : | |

# ORDER

AND NOW, this 16th day of April, 2025, upon consideration of Plaintiffs' Motion for Certification (ECF 209) and the joint response of Defendants Itron, Inc. (Itron) and Tantalus Systems, Inc. (Tantalus), it is ORDERED the Motion is GRANTED[1]:

---

[1] Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs move to certify the dismissal of Counts III and IV and abandon Count II of the Third Amended Complaint. ECF No. 209. "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

On March 31, 2025, the Court dismissed Counts II, III, and IV of the Third Amended Complaint and dismissed Defendants Itron and Tantalus from the case. ECF No. 208. Counts II, III, and IV are legally and factually distinct from Count I. Count I, the sole surviving claim, alleges a Fourteenth Amendment due process claim against Defendant U.S. Virgin Islands Water and Power Authority (VIWAPA). Plaintiffs have abandoned their right to appeal the dismissal of Count II, which alleges a False Claims Act claim against all three Defendants. ECF No. 209 at 4 ("Plaintiffs have no intention of appealing" Count II); *see Dzielak v. Whirlpool Corp.*, 83 F.4th 244, 259 (3d Cir. 2023) (noting "an order resolving fewer than all claims 'may become final for the purposes of appeal where a plaintiff voluntarily and finally abandons the other claims in the litigation.'"); *Skinner v. Tower*, Civ. No. 16-127, 2019 WL 1379873, at *5 (D. Vt. Mar. 27, 2019) (issuing a Rule 54(b) judgment as to counts abandoned by the plaintiff). Count III is consumer protection claim and Count IV is a tort claim. Both Counts III and IV are asserted against Itron and Tantalus only. Accordingly, there is no just reason to delay entry of judgment on the dismissal of Counts II, III, and IV while the case proceeds as to Count I against VIWAPA.

1. FINAL JUDGMENT is entered in favor of Defendants Itron and Tantalus on Counts II, III, and IV of the Third Amended Complaint.[2]

             BY THE COURT:

             <u>/s/ Juan R. Sánchez</u>
             Juan R. Sánchez, J.

---

[2]  Though Plaintiffs formally move to certify Counts III and IV only and abandon Count II, the Court will certify judgment on all three Counts. *See Batts v. Giorla*, 550 F. App'x 110, 112 n.1 (3d Cir. 2013) ("[D]istrict courts may exercise their certification power sua sponte.").