IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KH, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-81 |
| | : | |
| VIRGIN ISLANDS WATER AND | : | |
| POWER AUTHORITY, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                          **November 10, 2025**

Defendant U.S. Virgin Islands Water and Power Authority (VIWAPA) provides electricity service to Plaintiffs. Plaintiffs sued VIWAPA regarding billing issues related to the service. VIWAPA moves for summary judgment on Plaintiffs' claim under 42 U.S.C. § 1983 for denial of procedural due process, the sole remaining claim in this case. Because VIWAPA provided notice of how to dispute bills and an opportunity to present disputes to a decisionmaker, the Court will grant VIWAPA's motion and judgment entered in its favor.

**BACKGROUND**

The Plaintiffs in this case are several VIWAPA ratepayers—Gordon Ackley, Johann Clendenin, Leonard and Catherine Stephen, The Fruit Bowl, Inc., and Gasworks, Inc. They brought this action against VIWAPA under 42 U.S.C. § 1983, asserting denial of procedural due process arising from billing and related utility service issues.

Each monthly bill issued by VIWAPA is sent to the customer at the address of record and lists customer service contact information, including hours of operation.[1] Francis Aff. ¶ 6, Dkt.

---

[1]       VIWAPA bills customers based on either remote or manual meter reads. If VIWAPA is unable to obtain a read in a given month, consumption is estimated based on the prior three months and corrected when an actual read is later recorded. Under a local law, any "back billing" after a corrected read is limited to the previous 35 days even if the actual reading shows earlier under charges. Dkt. No. 291-1 ¶¶ 1-3.

No. 291-1; Sample Bill, WAPA 000003-4, Dkt. No. 291-2. If an account becomes more than twenty days past due, VIWAPA issues a written disconnection notice that includes the same customer service contact information provided in the monthly bill. Dkt. No. 291-1 ¶ 7; Sample Disconnect Notice, WAPA 000005-6, Dkt. No. 291-3. VIWAPA maintains staffed customer service offices and telephone support in St. Thomas, St. John, and St. Croix. Dkt. No. 291-1 ¶ 8. VIWAPA also has a complaint form which can be accessed online or at a customer service office. *Id.* ¶ 9; Online Complaint, WAPA 000347-349, Dkt. No. 291-4. Once a complaint is filed, VIWAPA generates a work order and the complaint may be referred for further investigation, such as a field inspection. Dkt. No. 291-1 ¶ 8.

Since October 2020, the Virgin Islands Public Services Commission (PSC) has statutory authority to hear appeals by VIWAPA customers who are dissatisfied with the outcome of a complaint. Dkt. No. 291-1 ¶ 10; *see* 30 V.I.C. § 1a. The PSC adopted complaint procedures in 2023, and since then has actively received and addressed customer complaints, including holding weekly PSC-VIWAPA coordination meetings.[2] Dkt. No. 291-1 ¶¶ 11-12; PSC Policy, WAPA 000255-259, Dkt. No. 291-5. By mid-2025, the PSC had received a total of 619 complaints since 2023; 383 of these complaints have been resolved with the remaining 236 pending. PSC Report at 10, WAPA 000319, Dkt. No. 291-6.

Plaintiffs Catherine and Leonard Stephen are VIWAPA customers who installed a private solar system at their residence in St. John in early 2023. Dep. C. Stephen 12:3-10, 24:3-17, Dkt.

---

[2] The PSC policy requires a formal response from VIWAPA within fifteen days of a properly filed complaint by the ratepayer. Once both submissions have been received, the PSC reviews and decides the complaint within ten days. "If resolution is not achieved within the ten (10) day period following the submission of information, the [PSC] staff will report the matter with a recommendation to the [PSC's] Executive Director. The Executive Director shall either seek a swift resolution of the matter, and if unable to do so, shall place the dispute on the next [PSC] agenda." PSC Policy at 4, WAPA 000258, Dkt No. 291-5.

No. 291-17. The Stephens contend their solar system should have significantly reduced or eliminated VIWAPA consumption charges, but instead their VIWAPA bill increased after the system was installed. Third Am. Compl. ¶¶ 131-32, Dkt. No. 158. After the Stephens claimed they should not be charged because their meter was "off grid," VIWAPA initiated a work order and performed a field inspection. Dkt. No. 291-1 ¶¶ 25-26. The inspection confirmed the St. John residence remained connected and consumed power, and the meter was functioning properly. Stephens Work Order, WAPA 000303-304, Dkt. No. 291-9; *see* Stephens Billing History, WAPA 000118-154, Dkt. No. 291-10. In May 2023, VIWAPA received an email from "Lionel Jeep Rental," a business affiliated with the Stephens, regarding billing concerns about a business account and two residential accounts. Stephens Email, Dkt. No. 291-11. VIWAPA responded with a request for solar system information and permit documentation in order to investigate the billing concerns. VIWAPA Response, Dkt. No. 291-12. The last email from Lionel Jeep Rental, signed by Catherine Stephen, stated she would "forward [the requested information] as soon as [she] receive[d] it." *Id*. There is no record of the Stephens sending the requested information. *See* Dkt. No. 291-1 ¶ 31.

Plaintiff Johann Clendenin alleges VIWAPA threatened to terminate his service in December 2023 over "an arbitrary late charge." Third Am. Compl. ¶ 147, Dkt. No. 158. Mr. Clendenin claimed he made complaints, both in-person and on the phone, to VIWAPA's customer service in St. Croix. Dep. J. Clendenin 7:12-10:22, Dkt. No. 291-24. However, he could not recall the dates he made the complaints and failed to produce any correspondence between himself and VIWAPA. *Id*. The record contains no evidence of a complaint by Mr. Clendenin, and VIWAPA has no work orders for his account after 2017. Dkt. No. 291-1 ¶ 24.

Plaintiff Gordon Ackley alleges he was overbilled by $8,553.00 in July 2020, and VIWAPA refused to correct the error. Third Am. Compl. ¶ 121, Dkt. No. 158. VIWAPA has since adjusted Mr. Ackley's account twice to remove all charges associated with his billing dispute. Dkt. No. 291-1 ¶ 23; Ackley Adjustment, WAPA 000305-307, Dkt. No. 291-7. At his deposition, Mr. Ackley acknowledged receiving all credits due and admitted he never paid the disputed amount. Dep. G. Ackley 6:10-11:14, Dkt. No. 291-23. He submitted a PSC complaint in December 2024 concerning the same dispute, which, in light of the credits he received, appears moot. *Id*. at 22:14-19.

Plaintiff The Fruit Bowl, Inc. is a grocery store that has a commercial account with VIWAPA. Third Am. Compl. ¶ 145, Dkt. No. 158. Fruit Bowl alleges it was assessed inaccurate consumption charges in late 2023 and early 2024. *Id*. A September 20, 2023, VIWAPA work order showed the Fruit Bowl's meter was stuck in test mode, resulting in estimated bills. Dkt. No. 291-1 ¶ 32; Fruit Bowl Work Order, WAPA 000284-289, Dkt. No. 291-13. A new meter was installed on June 12, 2025, and a September 2, 2025, read on the new meter showed usage exceeding prior estimates. Dkt. No. 291-1 ¶ 33; Fruit Bowl Billing, WAPA 000205-254, Dkt. No. 291-14. The record contains no evidence that Fruit Bowl ever submitted a complaint to VIWAPA or the PSC.

Plaintiff Gasworks, Inc. is a corporation that owns and operates a gas station and convenience store. Third Am. Compl. ¶ 145, Dkt. No. 158. Since 2016, in addition to using VIWAPA electricity, Gasworks has used a private solar system to power its store. Dkt. No. 291-1 ¶ 34. Gasworks alleges VIWAPA has assessed inaccurate consumption charges that fail to reflect the private solar system. Third Am. Compl. ¶ 145, Dkt. No. 158. VIWAPA billing records show regular credits for the private solar power through approximately July 2022. Gasworks Billing, WAPA 000155-204, Dkt. No. 291-15. VIWAPA also performed a power test on June 12, 2023,

which confirmed the meter was working properly. Gasworks Power Test, WAPA 000290-302, Dkt. No. 291-16. VIWAPA notes that any cessation of credits for the solar power may be due to an issue with the private solar system, not VIWAPA. Dkt. No. 291-1 ¶ 35. The record reflects no evidence that Gasworks ever made a complaint to VIWAPA or the PSC.

Plaintiffs filed a Third Amended Complaint against VIWAPA and several other Defendants on August 21, 2024. The Fourteenth Amendment procedural due process claim against VIWAPA was the lone claim to survive the motion-to-dismiss stage. VIWAPA filed the instant motion for summary judgment on October 1, 2025.

**STANDARD OF REVIEW**

A court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." *Id.* at 248.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted). To defeat summary judgment, "a nonmoving party must adduce more than a mere scintilla of evidence in its favor . . . and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). In evaluating a motion for summary judgment, a court must "view all facts in the light most favorable to the non-moving

party and draw all inferences in that party's favor." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

**DISCUSSION**

Plaintiffs allege VIWAPA violated their Fourteenth Amendment due process claim by terminating or threatening to terminate their electricity service without notice and an opportunity to resolve customer complaints. Customers have a protected property interest in continued utility service. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11 (1978). The Fourteenth Amendment forbids a state from depriving persons of life, liberty, or property without due process of law. U.S. Const. amend. XIV. "When a plaintiff sues under [Section] 1983 for a state actor's failure to provide procedural due process," courts employ a two-stage analysis, "inquiring (1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Procedural due process requires "notice reasonably calculated to apprise" ratepayers of a dispute process and "an opportunity to present" a billing dispute to a designated decisionmaker. *Memphis Light*, 436 U.S. at 22. To establish a claim for failure to provide due process, "a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin*, 227 F.3d at 116. A procedure is unavailable if access to "the procedure is absolutely blocked or there is evidence that the procedures are a sham." *Id*. at 117.

The record shows constitutionally adequate and robust procedures were available for Plaintiffs to dispute their bills. First, VIWAPA sends each customer bills and disconnection notices that direct the customer to VIWAPA's complaint channels. The bills and disconnection notices both supply customer service contact information and hours of operation. Second, VIWAPA has

a staffed customer service process, both in-person and online, that generates work orders and inspections based on customer complaints. Third, since 2023, the PSC has provided an external avenue for customers to challenge their bills pursuant to its written procedures for resolution of customer complaints and weekly coordination sessions with VIWAPA. These procedures permit ratepayers to have their complaints reviewed and decided by the PSC.

Plaintiffs did not avail themselves of these procedures and have not shown the procedures were "unavailable" or "patently inadequate." *Alvin*, 227 F.3d at 116. The Stephens stopped short of supplying requested documentation or appealing to the PSC. Clendenin identifies no complaint, correspondence, or work order. Ackley received credits that resolved his dispute. Fruit Bowl and Gasworks filed no VIWAPA or PSC complaints. On this record, Plaintiffs have not created a genuine issue that VIWAPA's internal complaint process was constitutionally inadequate, nor that the PSC route was blocked or a sham. Therefore, VIWAPA's motion for summary judgment will be granted.

**CONCLUSION**

Because the record shows VIWAPA had constitutionally adequate procedures for customers to dispute their bills and Plaintiffs neither availed themselves of those procedures nor produced admissible evidence that the procedures were inadequate, VIWAPA is entitled to summary judgment.

An appropriate order follows.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.